vor of the U.S. Department of Agriculture and Farm Services Agency, (collectively, "Appellees"). SLC argues that the district court violated Rule 56(c)'s ten-day notice requirement by only giving SLC two days to respond to Appellees' motion for summary judgment.

Rule 56 of the Federal Rules of Civil Procedure allows a party responding to a motion for summary judgment ten days to present argument and evidence in opposition to the motion. FED. R. CIV. P. 56(c). We strictly enforce Rule 56(c)'s ten-day notice requirement. *See Powell v. United States,* 849 F.2d 1576, 1579 (5th Cir.1988); *see also Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 28 F.3d 1388, 1397–98 (5th Cir.1994). Nevertheless, we apply the harmless error doctrine to "lack of notice required by Rule 56(c)." *Powell,* 849 F.2d at 1580. Error in notice is harmless "if the nonmovant has no additional evidence or if all of the nonmovant's additional evidence is reviewed by the appellate court and none of the evidence presents a genuine issue of material fact." *Resolution Trust Corp. v. Sharif–Munir–Davidson Dev. Corp.,* 992 F.2d 1398, 1403 (5th Cir.1993).

Even assuming that SLC did not consent to the district court's truncation of the notice period, SLC does not point to any additional evidence or legal arguments that it would have introduced had the district court fully complied with Rule 56(c). Therefore, the error in notice was harmless and not reversible.

AFFIRMED.

---

UNITED STATES of America,
Plaintiff–Appellee,

v.

Omar SANCHEZ–BURGOS,
Defendant–Appellant.

No. 06–40983
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Omar Sanchez–Burgos raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Daniel BARRERA–SAUCEDO,
Defendant–Appellant.

No. 06–40947
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Daniel Barrera–Saucedo raises argu-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

ments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

UNITED STATES of America,
Plaintiff–Appellee,

v.

Carlos FRANCO–SOLANO,
Defendant–Appellant.

No. 06–40946
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.